J-S22036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARSHALL L. THOMPSON | : | |
| | : | |
| Appellant | : | No. 677 EDA 2017 |

Appeal from the PCRA Order February 21, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0604141-2004

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                         **FILED JUNE 26, 2018**

Appellant, Marshall L. Thompson, appeals from the order dismissing his

first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42

Pa.C.S.A. §§ 9541-9546, as untimely.  Counsel for Appellant has filed a motion

to withdraw from representation and an ***Anders*** brief.[1]  We grant counsel's

petition to withdraw, and affirm the order of the PCRA court.

We take the following relevant facts and procedural history from the trial

court's September 20, 2017 opinion and our independent review of the

_____

[1] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967),
instead of a ***Turner/Finley*** no-merit letter, which is the appropriate filing in
the PCRA context.  ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa.
1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en
banc*).  However, "[b]ecause an ***Anders*** brief provides greater protection to a
defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley***
letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super.
2011) (citation omitted).

_____

*   Retired Senior Judge assigned to the Superior Court.

certified record. On September 18, 2006, a jury found Appellant guilty of robbery and criminal conspiracy to commit robbery. The charges stem from Appellant's armed robbery of a liquor store with his co-defendant in May 2004. On November 3, 2006, the trial court sentenced Appellant to an aggregate mandatory minimum term of not less than ten nor more than twenty years' incarceration.[2] This Court affirmed the judgment of sentence on July 15, 2008. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On December 19, 2011, Appellant filed a *pro se* PCRA petition. Appointed counsel filed an amended petition on June 27, 2016, arguing that Appellant's mandatory minimum sentence is illegal. The PCRA court issued notice of its intent to dismiss the petition as untimely on February 1, 2017, *see* Pa.R.Crim.P. 907(1), and its order dismissing the petition on February 21, 2017. Appellant timely appealed.[3] He filed a timely, court-ordered concise statement of errors complained of on appeal on April 13, 2017, and the PCRA court entered an opinion on September 20, 2017. *See* Pa.R.A.P. 1925. Counsel filed his motion to withdraw from representation and *Anders* brief on November 26, 2017.

_____

[2] The trial court sentenced Appellant pursuant to 42 Pa.C.S.A. § 9714(a)(1), as a second strike offender. (*See* PCRA Court Opinion, 9/20/17, at 2 n.2, 5; *Anders* Brief, at 7, 18; Commonwealth's Brief, at 3 n.1).

[3] Appellant filed his notice of appeal prior to the court's entry of its final order dismissing the petition. Although the notice was premature when filed, we will regard this appeal as timely. *See* Pa.R.A.P. 905(a)(5).

Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Turner**, **supra** and **Finley**, **supra** and . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Upon our review of counsel's motion to withdraw and the appellate brief submitted on Appellant's behalf, we conclude that counsel has substantially complied with the procedural requirements of **Turner** and **Finley**. Therefore, we must proceed with our independent review of this case. **See Walters**, **supra** at 591.

The **Anders** brief raises the following issues for our review:

[1.] Whether there is anything in the record that might arguably support the appeal that obviates a conclusion that the appeal is frivolous?

[2.] Whether the court erred when it dismissed the PCRA petition because the Appellant is entitled to retroactive application of the prohibition of mandatory sentences pursuant to 42 Pa.C.S.A.

Section 9545(b)(1)(iii) and should be resentenced consistent with the current state of the law?

(**Anders** Brief, at 6) (unnecessary capitalization omitted).

We begin by addressing the timeliness of Appellant's petition.

. . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) . . . and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

**Commonwealth v. Robinson**, 139 A.3d 178, 185-86 (Pa. 2016) (quotation marks and citations omitted).

In the instant case, Appellant's judgment of sentence became final on August 14, 2008, when his time to file a petition for allowance of appeal with our Supreme Court expired. **See** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until August 14, 2009, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on December 19, 2011, it is untimely on its face, and the PCRA court

lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

Here, Appellant invokes the benefit of section 9545(b)(1)(iii) by arguing that his mandatory minimum sentence is illegal, based on the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151

(2013).[4] (*See Anders* Brief, at 6, 13, 15). However, this claim does not allow him to circumvent the PCRA's timeliness requirements.

It is well settled that, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. . . . [T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (citations and internal quotation marks omitted). Our Supreme Court has addressed the retroactive effect of *Alleyne*, and has expressly held "that *Alleyne* does not apply retroactively to cases pending on collateral review[.]" *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Moreover, because "[s]ection 9714 increases mandatory minimum sentences based on prior convictions[,] [it] is not unconstitutional under *Alleyne*." *Reid*, *supra* at 785 (citations omitted). Therefore, Appellant's claims based on *Alleyne* fail. Because Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time-bar, we affirm the order of the PCRA court.

---

[4] "In *Alleyne*, the Supreme Court of the United States held that the Sixth Amendment requires that any fact—**other than a prior conviction**—that increases a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable doubt. Importantly, *Alleyne* did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses." *Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super. 2015) (citations omitted; emphasis added).

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/18